```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL NO. 5:05cr6(02)

ANNETTE M. THIEM                                          DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Annette M. Thiem's Motion for a Judgment of Acquital and in the Alternative, for New Trial [**docket entry no. 89**] and Thiem's Amended Motion for a Judgment of Acquital and in the Alternative, for New Trial [**docket entry no. 90**]. Thiem and her co-defendant, Ronald Wayne Shugart, were indicted on May 18, 2005 by a federal Grand Jury, under a two-count indictment. Count One of the indictment charged Thiem with kidnapping two juveniles in violation of 18 U.S.C. § 1201(a). Count Two of the indictment charged the defendant with carjacking in violation of 18 U.S.C. § 2119(1). See Indictment [docket entry no. 5].

Upon agreed motion by the government and the defense, Thiem and Shugart were tried separately. The jury returned a guilty verdict on both counts against Thiem on January 19, 2006. Thiem's counsel made a Fed. R. Crim. P. 29 motion both at the close of the government's case in chief as well as at the close of all the evidence. The Court rejected both motions, holding that there was sufficient evidence of Thiem's guilt as to both counts for a reasonable jury to return a guilty verdict.

Presently before this Court is Thiem's renewed Motion for a Judgment of Acquittal or in the Alternative, for New Trial and her Amended Motion for a Judgment of Acquittal or in the Alternative, for New Trial.  The Court will consider the first such motion as moot inasmuch as the latter purports to be an amendment.

In her Motion, Thiem alleges that "there was not substantial and competent evidence to support the verdict on Counts One and Two."  Amended Motion for a Judgment of Acquittal, ¶1.  The Court recognizes that there was the potential for a hearsay objection from the defense as to certain testimony produced at Thiem's trial regarding whether the vehicle involved in the carjacking had crossed state lines;[1] however, no objection thereto was made at trial.  "[U]nobjected-to hearsay may be considered by the trier of fact for such probative value as it may have."  <u>Peaches Entertainment v. Entertainment Repertoire</u>, 62 F.3d 690, 694 (5th Cir. 1995) (quoting <u>Flores v. Estelle</u>, 513 F.2d 764, 766 (5th Cir. 1975)).  The Court further finds, as it did at trial, that sufficient evidence was presented at trial to support the jury's finding of guilt.

The defendant also claims that her alleged duress defense was proven by a preponderance of the evidence and that the government failed to rebut that defense with competent and sufficient

---

[1] Such an interstate nexus is a necessary component of the federal carjacking statute.  <u>See</u> 18 U.S.C. § 2119.

-2-

evidence.  Amended Motion for a Judgment of Acquittal, ¶5.  The Court finds that the jury could properly have discounted Thiem's duress defense in rendering its verdict.

The defendant further argues that this Court erred when it refused to allow defense counsel to present psychological testimony concerning Thiem's <u>subjective</u> state of mind in connection with her defense of duress.  The Court carefully considered this issue at trial, and a record was made regarding its reasoning for restricting the expert testimony.  Moreover, the defendant's related claims concerning various alleged errors in connection with restrictions on the proffered psychological testimony are also unconvincing.  Therefore, the defendant has failed to present sufficient argument to convince this Court that its previous rulings on this issue were in error.

In her amended motion, Thiem further claims that the Court "erred in admitting Defendant's purported confession dated May 6, which violated her rights guaranteed by the United States Constitution[.]"  Amended Motion for a Judgment of Acquittal, ¶8.  At trial, the Court found that Thiem's constitutional rights were not violated through the taking of her confession and that the confession could properly be relayed to the jury.  Again, the defendant offers nothing to convince the Court that this finding was in error. Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion for a

Judgment of Acquittal and in the Alternative, for New Trial [**docket entry no. 89**] is **MOOT**;

IT IS FURTHER ORDERED that the defendant's Amended Motion for a Judgment of Acquittal and in the Alternative, for New Trial [**docket entry no. 90**] is **DENIED**.

SO ORDERED, this the 26th day of April, 2006.

S/DAVID BRAMLETTE  
UNITED STATES DISTRICT JUDGE